UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME GAYTAN,<br><br>          Petitioner,<br><br>   v.<br><br>NORRIS HOGANS,<br><br>          Respondent. | 1:13-cv–00293-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION WITHOUT PREJUDICE (DOC. 1) AND TO DIRECT THE CLERK TO CLOSE THE ACTION<br><br>**OBJECTIONS DEADLINE:<br>THIRTY (30) DAYS** |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on February 28, 2013.

    I.   Screening the Petition

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to

1

proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).  Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

    The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

///

Here, Petitioner alleges that he is an inmate of the Taft Correctional Institution (TCI) serving a sentence of 240 months imposed on June 21, 2005, in the United States District Court for the Central District of California for having violated 21 U.S.C. §§ 841(b)(1)(A) and 846. His projected release date is July 28, 2021. Petitioner challenges actions of prison staff undertaken in December 2012 and January 2013, alleging that the rejection and return of publications in Petitioner's incoming mail violated due process of law established by 28 C.F.R. § 540.71 and Federal Bureau of Prisons (BOP) policy statement 5266.11(2)(d), and Petitioner's First Amendment rights.

II.   Conditions of Confinement

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

Relief by way of a writ of habeas corpus extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990) (holding in a Bivens[1] action that a claim that time spent serving a state sentence should have been credited against a federal sentence concerned the fact or duration of confinement and should have

---

[1] The reference is to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

3

been construed as a petition for writ of habeas corpus pursuant to § 28 U.S.C. § 2241, but to the extent that the complaint sought damages for civil rights violations, it should be construed as a Bivens action); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of a petition challenging conditions of confinement and noting that the writ of habeas corpus has traditionally been limited to attacks upon the legality or duration of confinement); see, Greenhill v. Lappin, 376 Fed. Appx. 757, 757-58 (9th Cir. 2010) (unpublished) (the appropriate remedy for a federal prisoner's claim that relates to the conditions of his confinement is a civil rights action under Bivens); but see, Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (habeas corpus is available pursuant to § 2241 for claims concerning denial of good time credits or subjection to greater restrictions of liberty, such as disciplinary segregation, without due process of law); Cardenas v. Adler, 2010 WL 2180378 (No. 1:09-cv-00831-AWI-JLT-HC, May 28, 2010) (a petitioner's challenge to the constitutionality of the sanction of disciplinary segregation and his claim that the disciplinary proceedings were the product of retaliation by prison staff were cognizable in a habeas proceeding pursuant to § 2241).

Here, Petitioner's claims concern conditions of confinement that do not bear a relationship to the legality or duration of his confinement. Because these claims relate solely to the conditions of his confinement, the Court lacks habeas corpus jurisdiction over the claims pursuant to § 2241.

III.   Remedy

Although the Court lacks habeas corpus jurisdiction over the

4

1  claims concerning conditions of confinement, the Court could
2  construe Petitioner's claims as a civil rights complaint brought
3  pursuant to Bivens.  See, Wilwording v. Swenson, 404 U.S. 249,
4  251 (1971).  However, the Court declines to construe the petition
5  as a civil rights complaint because of differences in the
6  procedures undertaken in habeas proceedings and civil rights
7  actions.
8       First, if the petition were converted to a civil rights
9  complaint, Petitioner would be obligated to pay the $350 filing
10 fee for a civil action, whether in full or through withdrawals
11 from his prison trust account in accordance with the availability
12 of funds.  28 U.S.C. §§ 1914, 1915(b).  The dismissal of this
13 action at the pleading stage would not terminate Petitioner's
14 duty to pay the $350 filing fee.  Here, the petition was not
15 accompanied by the $350 filing fee or an authorization by
16 Petitioner to have the $350 filing fee deducted from his trust
17 account pursuant to 28 U.S.C. § 1915(b).
18      Further, 42 U.S.C. § 1997e(a) provides, "No action shall be
19 brought with respect to prison conditions under section 1983 of
20 this title, or any other Federal law, by a prisoner confined in
21 any jail, prison, or other correctional facility until such
22 administrative remedies as are available are exhausted."  Section
23 1997e(a) requires exhaustion "irrespective of the forms of relief
24 sought and offered through administrative avenues."  Booth v.
25 Churner, 532 U.S. 731, 741 n.6 (2001).  Here, it is possible that
26 administrative remedies are still available to Petitioner.
27      Additionally, Petitioner has failed to identify the capacity
28 in which the named respondent would be sued for purposes of a

5

civil rights claim – which is critical to the issue of sovereign immunity.  Finally, if the petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995.  28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  It is not clear that all of Petitioner's disparate allegations state civil rights claims.  If the pleading ultimately were dismissed for failure to state a claim upon which relief may be granted, such a dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g) and any future civil rights action he might bring.

Based on the foregoing, the court concludes that it is appropriate to dismiss the petition without prejudice so that Petitioner may determine whether or not he wishes to raise his present claims through a properly submitted civil rights complaint.[2]

IV.  Recommendations

Accordingly, it is RECOMMENDED that:

1)  The petition for writ of habeas corpus be DISMISSED without prejudice for lack of subject matter jurisdiction; and

2)  The Clerk be DIRECTED to close the action because the dismissal terminates it in is entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant

---

[2] Issuance of a certificate of appealability is not addressed in this order because a certificate of appealability is not required to appeal the denial of a petition under § 2241.  Forde v. United States Parole Commission, 114 F.3d 878, 879 (9th Cir. 1997).  This is because the plain language of § 2253(c)(1) does not require a certificate with respect to an order that is not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  Id.

6

to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 13, 2013**                             /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE